## DIMOND v. PETIT.

In the absence of any evidence of the recognition by the government of the United States of a state of war, as existing between a foreign government and an insurgent province, the rights of the latter as a belligerent cannot be admitted. *Per Curiam:* The proceedings of courts in such cases depend entirely on the action of the general government.

One concerned in capturing an American vessel under color of the insurgent military authority of a foreign province, in the absence of proof of the recognition by the government of the United States of a state of war as existing between the insurgent province and the power to which it belonged, will be responsible to the owner of the vessel for the damage sustained by the capture.

APPEAL from the District Court of the First District, *Buchanan*, J. *Preston*, for the plaintiff. *Benjamin* and *Micou*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The *Margaret Ann*, an American vessel belonging to the plaintiff, with a full cargo of provisions, was captured by a gun-boat on the coast of Mexico, in March, 1843, and taken to Campeachy. She was bound for Laguna, about a hundred miles distant from Campeachy; and, the persons in authority in the latter place refusing to permit her to proceed to her port of destination, her cargo was landed and sold, the voyage broken up, and the vessel returned empty to New Orleans. The defendant, an American citizen, was one of the captors; indeed, from the evidence, we should infer him to have been the leader of them, and he is sued for damages by the plaintiff, who was the owner of the vessel and of one-half of the cargo. The district judge gave judgment for $1,640, with interest from judicial demand, and costs, and the defendant has appealed.

In fixing the amount of damages we cannot be guided by the allegations of the petition, but must follow the evidence adduced on the trial without objection. We have not been able to find any thing which would authorise us to give the plaintiff a larger sum than he has himself sworn to be due as damages, to wit, the sum of $1,000.

This capture was made under color of an insurgent military authority at Campeachy, in the Mexican province of Yucatan. We directed the attention of counsel to the necessity of furnishing the court with information as to the course taken by the government of the United States in relation to the belligerent rights of the province of Yucatan, which is said to have been in a state of rebellion against the republic of Mexico, at the time of the capture. No justification has been exhibited to us for this outrage upon our flag, and the capture can be viewed in no other light by the court than as an act of lawless depredation.

It is well settled that the proceedings of courts in cases of this kind, depend entirely on the action of the general government. There being no evidence that a state of war was recognised by our government as existing between this insurgent power and Mexico, the rights of the former as a belligerent cannot be admitted by this court. *United States* v. *Palmer*, 3 Wheaton 635.

The judgment of the District Court is therefore reversed, and judgment entered for the plaintiff against the defendant, for the sum of $1,000; the plaintiff paying the cost of this appeal, and the defendant those of the District Court.